UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT ANDREW FABER,

        Plaintiff,                        Case No. 1:17-cv433

v.                                                  Honorable Janet T. Neff

ANN WEB et al.,

        Defendants.
_____/

## **OPINION**

This is a civil action brought by a federal prisoner. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff is presently incarcerated for a term of twelve months at Federal Correctional Institution-Miami following his admission of guilt to violation of the terms of his supervised release. Plaintiff's supervised release was conditioned upon him staying at a residential reentry center, in this instance the Kalamazoo Probation Enhancement Program (KPEP) in Kalamazoo, Michigan. Plaintiff's supervised release was also conditioned on him participating in mental health treatment and sex offender treatment. Plaintiff participated in the KPEP treatment programs while he resided there. He continued with the KPEP treatment programs after he obtained employment and moved into independent housing.

KPEP is a private non-profit Michigan corporation. KPEP describes its mission as follows:

> KPEP began in the fall of 1980 to provide a live-in residence for those individuals who need more structure than regular probation provides, but where extended jail time is not judged necessary. The goal of KPEP is to show the residents that they can become independent, contributing members of society. The organization works closely with all aspects of the criminal justice system, including local law enforcement departments, corrections and probation departments, and various circuit court judges.
>
> Over the years, the populations served by KPEP have changed and now include: felony probationers, state parolees, Drug Treatment Court participants, SAI probationers and parolees, federal inmates, federal probationers, and clients who are currently on federal pre-trial status.

*See* http://kpep.com/about. Plaintiff sues three KPEP employees: Elizabeth Carey and Amanda Terburg, Plaintiff's outpatient therapists at KPEP, and Ann Web, their supervisor.

Plaintiff's complaint is not a model of clarity. Plaintiff alleges that on January 2017, Defendant Carey was leading a group therapy session that included Plaintiff. He claims that she

responded inappropriately to Plaintiff's statements at the session. He claims further that Defendant Carey revealed confidential information about Plaintiff to a member of another therapy group.

Defendant Terburg led the next group therapy session. Plaintiff claims that she too acted inappropriately with respect to Plaintiff's treatment in the session. Plaintiff claims both therapists lied in Plaintiff's treatment file and that the lie was used to establish Plaintiff's violation of the terms of his release. Plaintiff claims that they have libeled and slandered him. Plaintiff makes no allegations against Defendant Web other than stating she supervises Defendants Carey and Terburg.

Plaintiff seeks substantial monetary damages, retraction of the libelous and slanderous statements, as well as law enforcement investigation of Defendant Web and KPEP.

## **Discussion**

### I. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although

the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Plaintiff's allegations suggest only state law causes of action such as slander, libel, or professional negligence. He does not expressly allege any basis for federal jurisdiction. At the time the complaint was filed, it appears that all parties were residents of the state of Michigan.[1] *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ("'[J]urisdiction of the court depends upon the state of things at the time of the action brought.'"). Thus, there can be no diversity jurisdiction under 28 U.S.C. § 1332.

Moreover, Plaintiff does not expressly allege that his claims arise under the Constitution, laws, or treaties of the United States which would provide federal question jurisdiction. 28 U.S.C. § 1331. Nonetheless, construing Plaintiff's allegations liberally, he may be attempting to allege that Defendants violated his federal constitutional rights. In this context, however, it simply cannot be said that Defendants are acting under color of state law; therefore, the constitutional violations could not give rise to a claim under 18 U.S.C. § 1983. *See Dist. of Columbia v. Carter*, 409 U.S. 418, 423-25 (1973) ("[A]ctions of the Federal Government and its

---

[1] Plaintiff was still at the Newaygo County Jail when he filed his complaint. (Compl., ECF No. 1, PageID.3-4.)

officers are at least facially exempt from [§ 1983's] proscriptions."). Instead, because Defendants are giving effect to the conditions of a federal supervised release, the best that Plaintiff might argue is that Defendants are acting under color of federal law. Accordingly, the Court will consider whether Plaintiff has attempted to state a claim under *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388 (1971).

In *Bivens*, the Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). This implied cause of action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). To state a claim that is cognizable in a *Bivens* action, the plaintiff must plead two essential elements: first, that he has been deprived of rights secured by the Constitution or laws of the United States, and second, that the defendants acted under color of federal law. *Bivens*, 403 U.S. at 397.

Plaintiff does not identify any federal constitutional right of which Defendants have deprived him. Relying again on the liberal construction mandate of *Haines v. Kerner*, 404 U.S. at 520, because Plaintiff identifies the Defendants as therapists and, thus, providers of health care, the Court will assess whether Plaintiff's allegations suffice to state a claim under the Eighth Amendment for deliberate indifference to Plaintiff's serious medical need.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk

of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Because Plaintiff's complaint does not manifest his intention to raise an Eighth Amendment claim, perhaps it is not surprising that his allegations fall short with respect to the objective and subjective components of such a claim. But even if Plaintiff properly alleged the seriousness of his medical need and the Defendants' sufficiently culpable states of mind, he cannot prevail on a *Bivens* claim here.

Defendants are not federal officers. Based on Plaintiff's allegations, it appears they are simply employees of a private corporate entity that has contracted with the federal government

to provide certain services for federal inmates, probationers, and persons accused of federal crimes. In *Menneci v. Pollard*, 565 U.S. 118 (2012), the Supreme Court concluded that it could not imply a *Bivens* remedy where the plaintiff seeks damages from the employee of a private entity "where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here) . . . ." *Id.* at 131. Under that circumstance, "the prisoner must seek a remedy under state tort law." *Id.* That is the appropriate method for Plaintiff to seek redress from these Defendants. Plaintiff's "federal" claim, therefore, is properly dismissed.

II. State law claims

As noted above, Plaintiff's allegations appear to raise state law claims for slander, libel, and professional negligence. This Court declines to exercise jurisdiction over the state law claims. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  July 7, 2017                                  /s/ Janet T. Neff
                                                                             Janet T. Neff
                                                                             United States District Judge